# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDEL and KATHRYN MCDONALD )<br>d/b/a MCDONALD MARKETING )<br>SERVICE, )<br>  )<br>      **Plaintiffs,** )<br>  )<br>v. )<br>  )<br>BAM, INC. d/b/a BAM TRUCKING or )<br>BAM TRANSPORTATION, LLOYD'S )<br>UNDERWRITERS AT LONDON and )<br>CHARTER OAK FIRE INSURANCE )<br>COMPANY, )<br>  )<br>      **Defendants.** )<br>_____ ) | CIVIL ACTION<br><br>No. 13-2048-KHV-JPO |

## MEMORANDUM AND ORDER

On December 3, 2012, plaintiffs filed suit in the District Court of Wyandotte County, Kansas against BAM, Inc., d/b/a BAM Trucking or BAM Transportation, Lloyd's Underwriters at London, and Charter Oak Fire Insurance Company. The state court petition sought damages for the loss of frozen food products which BAM had contracted to transport from Missouri to Kansas. On January 28, 2013, Charter Oak removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Notice Of Remand Of Civil Action (Doc. #1). This matter comes before the Court on plaintiffs' Motion To Remand And Memorandum In Support (Doc. #4) filed January 30, 2013. Because the Court finds that the removal was procedurally defective, it sustains plaintiffs' motion to remand, including plaintiffs' request for attorney fees.

## Legal Standards

A defendant may remove any state court civil action if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). In addition to lack of subject matter jurisdiction, defects in the

removal procedure are grounds for remand. See 28 U.S.C. § 1447(c); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996); Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996). Procedural defects include a deficient or untimely notice of removal, or any failure to comply with the procedural requirements of Section 1446(b). SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir. 1997); Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982); Henderson, 920 F. Supp. at 1186. When the general removal statute – Section 1441(a) – is the sole basis for removal, "all defendants who have been properly joined and served must join in or consent to the removal of the action" within the 30-day period defined in Section 1446(b)(1). Henderson, 920 F. Supp. at 1187 (quoting 28 U.S.C. §§ 1446(b)(2)(A)). This is known as the unanimity requirement; unless all defendants join a notice of removal filed under Section 1441(a), it is procedurally defective and fails. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981); Henderson, 920 F. Supp. at 1186; see also 28 U.S.C. § 1447(c); SBKC Serv. Corp., 105 F.3d at 580; Sheet Metal Workers Int'l, 693 F.2d at 1005 n.8.

To "join" a notice of removal is to support it in writing. Henderson, 920 F. Supp. at 1186. This does not mean that each defendant must sign the same notice of removal, but each defendant must "independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period." Wakefield v. Olcott, 983 F. Supp. 1018, 1021 (D. Kan. 1997); Henderson, 920 F. Supp. at 1186; see also 28 U.S.C. § 1446(b)(1) (30-day period). Requiring each defendant to unambiguously join or consent to removal on the record is not an onerous requirement, and without it, nothing on the record would bind the allegedly consenting defendant. Henderson, 920 F. Supp. at 1187 n.2.

Exceptions to the unanimity rule exist where "nominal, unknown, unserved or fraudulently

joined defendants" do not join or consent to removal. McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997); see also Dodson Aviation, Inc. v. HLMP Aviation Corp., No. 08-4102-EFM, 2009 WL 1036123, at *2-3 (D. Kan. Feb. 12, 2009) (denying motion to remand where nominal defendant failed to join or consent to removal). But the Court strictly construes removal statutes and resolves all doubts in favor of remand. See Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). As the removing party, Charter Oak has the burden to show that it properly removed the action. Wakefield, 983 F. Supp. at 1020; Henderson, 920 F. Supp. at 1186.

**Factual And Procedural Background**

As noted, on December 3, 2012, plaintiffs sued BAM, Lloyd's Underwriters and Charter Oak in Wyandotte County District Court. On December 27, 2012, plaintiffs served Lloyd's Underwriters and Charter Oak through the Kansas State Department of Insurance. Commissioner's Proof Of Service (Doc. #6 at 14-19) filed in Wyandotte County District Court on December 31, 2012; see K.S.A. § 40-218 (insurance companies transacting business in Kansas must consent to service of process through commissioner of insurance; commissioner shall make return of summons to issuing court; such return "shall have the same force and effect as a due and sufficient return made on process directed to a sheriff"). The record reflects that although plaintiffs requested service on defendant BAM, on January 9, 2013, the Sheriff's Office of Pettis County, Missouri returned the summons without service, noting that BAM had moved with no forwarding address. See Doc. #6 at 20, filed in Wyandotte County District Court on January 23, 2013.

On January 28, 2013, Charter Oak removed the case to this Court, asserting diversity

jurisdiction under 28 U.S.C. § 1332. Notice Of Removal Of Civil Action (Doc. #1).[1] On January 30, 2013, plaintiffs filed a timely motion to remand. Motion To Remand And Memorandum In Support (Doc. #4).

**Analysis**

**I.  Motion To Remand**

Charter Oak's removal is based on the general removal statute, 28 U.S.C. § 1441(a), so "all defendants who have been properly joined and served must join in or consent to the removal of the action" within the 30-day period defined in Section 1446(b)(1).[2] See 28 U.S.C. § 1446(b)(2)(A);

---

[1]  The notice of removal states that Charter Oak's registered agent received the petition on December 31, 2012 or January 2, 2013.

[2]  28 U.S.C. § 1446 provides in relevant part as follows:

(a) Generally. – defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally.

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(continued...)

Henderson, 920 F. Supp. at 1186-87. Failure to comply with this requirement renders the notice of removal procedurally defective and subject to remand. See 28 U.S.C. § 1447(c); Cornwall, 654 F.2d at 686; Henderson, 920 F. Supp. at 1186. Plaintiffs contend that removal was improper because Charter Oak's co-defendant, Lloyd's Underwriters, was served on December 27, 2013, but did not timely join or consent to removal.

Charter Oak acknowledges that failure of all defendants to join or consent to removal constitutes a defect in removal and is therefore a basis for remand. Charter Oak asserts, however, that it properly removed the action based on the exception to the unanimity rule for unserved defendants. Plaintiffs correctly point out, however, that when Charter Oak filed the notice of removal on January 28, 2013, plaintiffs had properly joined and served Lloyd's Underwriters. Charter Oak's argument that the unserved defendant exception applies is without merit as to Lloyd's Underwriters. See Henderson, 920 F. Supp. at 1186 (removing party has burden to show that it properly accomplished removal). Charter Oak has not carried its burden of proof to show that its notice of removal was procedurally proper, i.e. that all properly joined and served defendants joined in or consented to removal, 28 U.S.C. § 1446. See Geisler v. Don Hunt & Assocs., No. 11-1113-JTM, 2012 WL 966119, at *1 (D. Kan. Mar. 21, 2012); Henderson, 920 F. Supp. at 1186. Charter

---

[2](...continued)
(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

Oak's notice of removal was therefore procedurally defective. See Wakefield, 983 F. Supp. at 1021; Henderson, 920 F. Supp. at 1186. The Court sustains plaintiffs' motion to remand. See 28 U.S.C. § 1447(c).

**II.     Plaintiffs' Request For Attorney Fees**

Plaintiffs ask the Court to order Charter Oak to pay the just costs and actual expenses, including attorney fees, that plaintiffs incurred as a result of the removal. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts may award costs and attorney fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, courts should deny requests for costs and fees. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010). As a prerequisite to awarding attorney fees and costs under 28 U.S.C. § 1447(c), the Court need not find that defendant removed the state court action in bad faith. Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997). The propriety of removal is the central issue in deciding whether to allow expenses and costs. Id. An award of costs and expenses under Section 1447(c) is committed to the Court's broad discretion.

Charter Oak's removal was procedurally defective because a properly served co-defendant did not timely join or consent to removal. Exercising its broad discretion, the Court grants plaintiffs' request for costs and actual expenses. See FastPro Int'l, Inc. v. Great Plains Software O.C., No. 01-2082-KHV, 2001 WL 395287, at *2 (D. Kan. April 10, 2001).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion To Remand And Memorandum

<u>In Support</u> (Doc. #4) filed January 30, 2013 be and hereby is **SUSTAINED**. Under 28 U.S.C. § 1447(c), the Court remands this action to the District Court of Wyandotte County, Kansas. The Court orders Charter Oak to pay to plaintiffs the costs and expenses, including attorney fees, incurred as a result of the removal. In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2. On or before March 25, 2013, plaintiffs shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support of its request for fees.

Dated this 5th day of March, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge